1

2

3

4

5

6

7

8

9

10

11

```
                                          FILED
                             CLERK, U.S. DISTRICT COURT

                                   MAR 15 2012

                             CENTRAL DISTRICT OF CALIFORNIA
                             BY                    DEPUTY
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| PAUL S. MILLSAP,<br><br>    Petitioner,<br><br>  v.<br><br>UNKNOWN, Warden,<br><br>    Respondent. | No. CV 12-1852-RGK (PLA)<br><br>**ORDER DISMISSING SUCCESSIVE<br>PETITION WITHOUT PREJUDICE** |

18

19    Petitioner initiated this action on March 5, 2012, by filing a Petition for Writ of Habeas

20 Corpus pursuant to 28 U.S.C. § 2254 (the "Petition") in this Court. In the Petition, petitioner states

21 that he is challenging a 1991 guilty plea and conviction in the Los Angeles County Superior Court,

22 which was used to enhance his sentence in a 1996 conviction in the same court, resulting in a

23 sentence of 32 years to life in state prison.[1]  (Petition at 2; Petition Memorandum at 3).

24

---

25  [1] While the instant Petition does not explicitly state that petitioner was convicted in 1996 in
26 the Los Angeles County Superior Court, petitioner does state that he is challenging a sentence
  of 32 years to life in state prison based on a conviction that constituted a third "strike" under the
27 Three Strikes Law. (See Petition Memorandum at 3). Petitioner also challenged a sentence of
  32 years to life in this Court in Case No. CV 99-9821-RGK (PLA), which was based on a 1996
28 conviction in the Los Angeles County Superior Court. (See Docket No. 78, Case No. CV 99-9821-
                                (continued...)

1      First, as to petitioner's 1991 conviction, he states in the Petition that he "faithfully completed

2 [his] parole" in connection with that sentence, and that that prison term "was terminated in 1992."

3 (Pet. Mem. at 2). However, a Section 2254 petitioner must show that he is "in custody pursuant

4 to the judgment of a State court" (28 U.S.C. § 2254(a)), and a petitioner is <u>not</u> "in custody" under

5 a conviction when the sentence imposed for that conviction has fully expired at the time his petition

6 is filed. <u>Maleng v. Cook</u>, 490 U.S. 488, 491-92, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). "[O]nce

7 a state conviction is no longer open to direct or collateral attack in its own right ... the conviction

8 may be regarded as conclusively valid." <u>Lackawanna County Dist. Attorney v. Coss</u>, 532 U.S.

9 394, 403-04, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001) (internal citation omitted). This is true even

10 where that conviction is used to enhance a subsequent sentence. <u>Maleng</u>, 490 U.S. at 492;

11 <u>Lackawanna</u>, 532 U.S. at 401.[2] Here, because petitioner has not shown that his 1991 conviction

12 is still open to either direct or collateral attack in its own right, he is not "in custody" under that

13 conviction, and so may not challenge it in a habeas petition.

14      Second, insofar as petitioner seeks in the instant Petition to challenge his 1996 conviction

15 and sentence, the Petition is successive. On November 14, 2002, in his first habeas case in this

16 Court,[3] Case No. CV 99-9821-RGK (PLA), petitioner filed the petition that was adjudicated on the

17

---

18 [1](...continued)
RGK (PLA), at 2-3. Thus, it appears that the sentence petitioner is currently serving is based on
19 the same 1996 conviction he challenged in Case No. CV 99-9821-RGK (PLA).

20    [2]   While the Supreme Court discussed possible exceptions to the <u>Lackawanna</u> bar, none of
the exceptions apply in petitioner's case. For example, petitioner does not claim that he was
21 deprived of a Sixth Amendment right to appointed counsel at the time he entered his 1991 guilty
plea. <u>See Lackawanna</u>, 532 U.S. at 404; <u>Gideon v. Wainwright</u>, 372 U.S. 335, 83 S.Ct. 792, 9
22 L.Ed.2d 799 (1963). Further, there is no evidence that petitioner was ever prevented from seeking
a direct appeal or state collateral relief from his 1991 conviction; nor has he cited any newly
23 discovered evidence establishing that he is actually innocent of committing the crime(s) underlying
24 his 1991 conviction. <u>See Lackawanna</u>, 532 U.S. at 405. Thus, petitioner is unable to avoid the
<u>Lackawanna</u> bar to his claim.

25

26    [3]   Petitioner filed a petition for writ of habeas corpus ("original petition") with this Court on
September 27, 1999. Respondent filed a Motion to Dismiss in which it argued that petitioner's
claims were barred by the statute of limitations. On June 27, 2001, respondent's Motion was
27 granted and the original petition was dismissed with prejudice. Thereafter, the Ninth Circuit Court
28 of Appeals determined that the original petition was not time-barred and remanded the case for
(continued...)

1   merits in that case. (See Docket No. 54, Docket No. 78 at 3-4, Case No. CV 99-9821-RGK (PLA)).

2   In that petition, petitioner challenged his 1996 conviction and resulting sentence. (See Docket No.

3   78, Case No. CV 99-9821-RGK (PLA), at 2-5). The 2002 Petition was dismissed on the merits

4   with prejudice pursuant to the Judgment entered on January 8, 2004. (See Judgment in Case No.

5   CV 99-9821-RGK (PLA)). Subsequently, petitioner has filed several additional habeas petitions

6   in this Court, with the instant Petition being the **fourth**.[4]

7       A habeas petition is second or successive if it raises claims that were or could have been

8   adjudicated on their merits in a previous petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir.

9   2009); see also Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). "A

10  disposition is 'on the merits' if the district court either considers and rejects the claims or

11  determines that the underlying claim will not be considered by a federal court." McNabb, 576 F.3d

12  at 1029.

13      The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") provides that a

14  claim presented in a second or successive federal habeas petition that was not presented in a

15  prior petition shall be dismissed unless:

16          (A) the applicant shows that the claim relies on a new rule of
            constitutional law, made retroactive to cases on collateral review by
17          the Supreme Court, that was previously unavailable; or

18          (B)(i) the factual predicate for the claim could not have been
            discovered previously through the exercise of due diligence; and
19

20          (ii) the facts underlying the claim, if proven and viewed in light of the
            evidence as a whole, would be sufficient to establish by clear and
21          convincing evidence that, but for constitutional error, no reasonable
            factfinder would have found the applicant guilty of the underlying
22          offense.

23

24  ───────────────
      [3](...continued)
25  further proceedings.   On November 14, 2002, petitioner filed an amended petition ("2002
    Petition").  (See Docket Nos.1, 35, 54, 78 at 3-4, Case No. CV 99-9821-RGK (PLA)).
26

27      [4]   The case numbers for petitioner's previous habeas petitions are CV 99-9821-RGK (PLA);
    CV 06-3537-RGK (PLA); and CV 08-4572-RGK (PLA). Petitioner's second and third petitions in this
28  Court were dismissed on June 19, 2006, and August 22, 2008, respectively. (See Docket No. 3,
    Case No. CV 06-3537-RGK (PLA); Docket No. 4, Case No. CV 08-4572-RGK (PLA)).

1 | 28 U.S.C. § 2244(b)(2)(A), (B).

2 |     Furthermore, "[b]efore a second or successive application . . . is filed in the district court,
3 | the applicant shall move in the appropriate court of appeals for an order authorizing the district
4 | court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

5 |     In his 2002 Petition, petitioner raised three claims challenging his 1996 conviction and
6 | sentence. (See Report and Recommendation, entered on December 11, 2003, Case No. CV 99-
7 | 9821-RGK (PLA)). As mentioned above, the action was dismissed on the merits with prejudice.
8 | (See Order Adopting Magistrate Judge's Report and Recommendation and Judgment, both
9 | entered on January 8, 2004). On January 28, 2004, this Court denied petitioner a certificate of
10 | appealability, and the Ninth Circuit Court of Appeals denied petitioner's subsequent request for
11 | a certificate of appealability on May 3, 2004. (See Docket Nos. 86, 90, Case No. CV 99-9821-
12 | RGK (PLA)).

13 |     In the instant Petition, petitioner again challenges the sentence imposed for his 1996
14 | conviction, and appears to assert as his grounds for relief that: (1) petitioner's 1991 guilty plea was
15 | breached when it was treated as two "strikes" under the Three Strikes Law for the purposes of
16 | petitioner's sentencing on his 1996 conviction, violating his rights under the Fourteenth
17 | Amendment (Pet. Mem. at 1, 3-4); (2) neither defense counsel, nor the prosecutor, nor the trial
18 | court in petitioner's 1991 case informed him that his guilty plea could subsequently be treated as
19 | two "strikes" (id. at 2); and (3) petitioner's sentence in his 1996 conviction rendered his 1991 plea
20 | involuntary. (Id. at 3-4).

21 |     As set forth above, a habeas petition is successive if it raises claims that *could have been*
22 | adjudicated on their merits in the prior petition. McNabb, 576 F.3d at 1029. Here, even if
23 | petitioner has raised different claims in the instant Petition than those raised in his earlier petitions,
24 | these claims could have been raised in his 2002 Petition. Accordingly, given that the 2002 Petition
25 | was adjudicated on the merits and dismissed with prejudice, the instant Petition is successive.

26 |     In any event, even if it were found that any or all of the claims raised in the instant Petition
27 | satisfy 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B), petitioner is still required to seek
28 | authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A).

1   Because petitioner has not presented any documentation showing that he has filed in the Ninth

2   Circuit the requisite motion and received the requisite authorization to file a successive petition,

3   the Court concludes that it is without jurisdiction to entertain the Petition under 28 U.S.C. §

4   2244(b). Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 798, 166 L.Ed.2d 628 (2007)

5   (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a

6   second habeas petition); Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court

7   may not, in the absence of proper authorization from the court of appeals, consider a second or

8   successive habeas application.'"). Absent the requisite authorization from the Ninth Circuit

9   allowing a successive petition, the instant Petition must be dismissed without prejudice. See

10   Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029-30 (C.D. Cal. 2003) (dismissing successive petition

11   without prejudice to petitioner's right to seek authorization from the Ninth Circuit).

12           IT IS THEREFORE ORDERED that this action be **dismissed without prejudice**.

13

14   DATED: 03·16·2012

                                   HONORABLE R) GARY KLAUSNER

15                                   UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28